## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## ASHLAND

**Civil Action No. 06-155-HRW**

**MICHAEL HOLLAND, et al.,**                                                 **PLAINTIFFS,**


**v.**                            **MEMORANDUM OPINION AND ORDER**


**AMBER COAL COMPANY, INC., et al.,**                       **DEFENDANTS.**


This matter is before the Court upon Plaintiffs' Motion for Summary

Judgment [Docket No. 44].  The motion has been fully briefed by the parties

[Docket Nos. 45 and 47].   For the reasons set forth below, the Court finds that,

there being no genuine issues of material fact, Plaintiffs are entitled to judgement

as a matter of law.

## I.      BACKGROUND

This civil action was instigated by the Trustees of the UMWA 1992, on

behalf of six retirees and their eleven dependents,  to compel the Defendants'

compliance with obligations under the Coal Industry Retiree Health Benefit Act of

1992.

Pursuant to the Coal Act, the 1992 Plan, administered  by the Trustees, is

required  to provide lifetime benefits to eligible coal retirees and their eligible

dependents.  These benefits are generally funded by premiums paid to the 1992

Plan by the last operator for whom the retirees worked under a UMWA contract.

The Coal Act provides that these former employers, which the Act terms "last

signatory operators", are required to pay a monthly premium to the Plan for each

retiree and dependent attributed to that operator.  26 U.S.C. § 9712(d)(1)(B).

In addition, signatory operators who participated in the National Bituminous

Coal Wage Agreement ("1988 Agreement") are also required to pay an annual

prefunding premium, which is also based upon the number of eligible retirees and

their dependents.  26 U.S.C. § 9712(d)(1)(A).

The Act imposes funding obligations not only to responsible employers and

operators, but, in addition, jointly and severally on certain businesses that are

related to those operators by common ownership.  26 U.S.C. § 9701(c)(2)(A).

 Plaintiff retirees worked under a UMWA contract for New Era Coal

Company, Inc. ("New Era").  The New Era retirees and their dependents were

enrolled under the 1992 Plan and are attributed to New Era as their last signatory

employer. New Era was a signatory to the 1988 Agreement.  Thus, New Era

incurred a monthly per beneficiary premium obligation to the 1992 Plan, as well as

an annual prefunding obligation to the Plan.

New Era ceased operations in 1991 and ultimately dissolved  in 1994.

The Trustees sued New Era in a prior action for beneficiary and prefunding premiums, obtained a default judgment but, as New Era was defunct, no recovery was made.

## II.    PROCEDURAL HISTORY

Plaintiffs filed the instant action against Amber Coal Company, Inc. ("Amber") and Burnaugh Enterprises, Inc. ("Burnaugh"), seeking payment of both delinquent beneficiary and prefunding premiums.

Plaintiffs seek judgment as a matter of law, arguing that the stock ownership of New Era, Amber and Burnaugh are, under the Coal Act, identical; therefore, Plaintiffs assert that Amber and Burnaugh are jointly and severally liable for the obligations of New Era.

## III.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure the Court must view the evidence in the light most favorable to the nonmoving party, in this case, the Plaintiffs.

Thus, when examining the record the Court will resolve doubts and construe inferences in favor of the Plaintiffs in an effort to determine if any genuine issues of material fact exist.  However, in a series of decisions commonly referred to as the "trilogy", *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986); *Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242 (1986), the U.S. Supreme Court emphasized that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence  on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252.  In short, the "trilogy" requires the nonmoving party to produce specific factual evidence that a genuine issue of material fact exists.

The United States Court of Appeals for the Sixth Circuit has interpreted the "trilogy" to mean that the nonmoving party must produce enough evidence, after having had a reasonable opportunity to conduct discovery, so as to withstand a directed verdict motion. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989).

## IV.   ANALYSIS

### A.   The Liability of Amber and Burnaugh

Under the Coal Act, any "related person" to a last signatory operator "shall be jointly and severally liable with such operator for any amount required to be paid by such operator under this section."  26 U.S.C. § 9701(c)(2)(A).

In order to be deemed a "related person" under the Act, one must be a "member of the controlled group of corporations" which includes the signatory operator.   The Coal Act refers to the Internal Revenue Code's definition of "controlled group of corporations" which includes parent-subsidiary controlled

4

group, brother-sister controlled group and combined group.  26 U.S.C. § 1563(a).

The relationship is determined as of July 20, 1992.  26 U.S.C. §9701(c)(2)(B).

The sole stockholders of New Era, Roger and Carl Kirk, owned two other

companies, Defendants Amber and Burnaugh, which were incorporated in 1976

and 1989, respectively, and remain in existence today.   Plaintiffs contend that New

Era, Amber and Burnaugh are a "brother-sister" controlled group, which is:

> Two or more corporations if 5 or fewer persons who are
> individuals, estates, or trusts own (within the meaning of
> subsection (d)(2)) stock possessing more than 50 percent
> of the total combined voting power of all classes of stock
> entitled to vote or more than 50 percent of the total value
> of shares of all classes of stock of each corporation,
> taking into account the stock ownership of each such
> person only to the extent such stock ownership is
> identical with respect to each such corporation.

26 U.S.C. § 1563(a).

There is no dispute that New Era is the last signatory operator.  Further, the

record shows that Amber and Burnaugh have admitted that their stock ownership

was identical to that of New Era on the dispositve date.  Ergo, Defendants are

"related persons" as defined by the Coal Act and, thus, jointly and severally liable

for the obligations of New Era.

    B.    Defenses

Defendants contend that Plaintiffs are, in effect, estopped from pursuing this

action by virtue of the settlement agreement in the so-called "1993 Wildcat Strike

5

Action."  The Agreement was reached in a labor dispute between New Era and the UMWA International Union.   The operative language of the agreement provides that the UMWA International Union. District 17 of the UMWA and two local unions agreed that "will take no action, by appeal or otherwise, to pursue their claims against Amber." [Docket No. 45-6].   A plain reading of the agreement belies the span and breadth asserted by the Defendants.  "Their" claims clearly refers to the parties to that particular suit.   Moreover, the 1993 action was brought by a union to enforce obligations arising from a collective bargaining agreement. The Court finds that the 1993 Agreement has no application to this case.

Defendants also maintain that Plaintiffs' claim are barred by the statute of limitations and the doctrine of laches.  Defendants seem to suggest that because the suit was not brought for premiums assessed in 1993 or 1994, they are exempt from payment of any premiums which have been or may be assessed against them. Neither argument has merit.   Simply put, the premium obligations at issue are continuing in nature.

C.   The *North Star* Decision

While Plaintiffs' dispositve motion in this matter was pending, Plaintiffs case before the United States District Court for the Southern District of West Virginia was heard upon their motion for summary judgment.    That case, styled *Michael Holland, et al. V. North Star Contractors, Inc.*, was brought by Plaintiffs

6

against North Star for non-payment of premium contributions allegedly owed under the Coal Act.  North Star, while a distinct entity from Amber and Burnaugh, have shareholders in common, namely, Roger and Carl Kirk.   The parties in the instant action jointly sought a stay of this case, pending  resolution of *North Star* [Docket No. 37].[1]   In their motion, the parties stated that given the common ownership between the parties in both cases and the similarity of legal issues, a stay of the instant matter would be prudent.  The undersigned sustained the parties' motion and the matter was stayed pending the decision in the Southern District of West Virginia.

Subsequently, Chief Judge Joseph Goodwin sustained Plaintiffs' motion and rejecting each and every defense raised by North Star.  He concluded  that North Star and the now-defunct Tracy Coal Company "related persons", as defined by the Coal Act, and, thus, jointly and severally liable for the premiums owed to Plaintiffs.   [Docket No. 39-2].    In doing so, Judge Goodwin noted that on the dispositve date, Tracy Coal was owned by Dorothy Porter, Roger Deskins, Roger Kirk and Carl Kirk, in equal part.   On the same date, North Star was owned by the

---

[1]   In a status report following the decision in *North Star*, Defendants maintained that it involved "significantly different legal issues" and was thus, presumably, of no matter to this Court.   Given that Defendants had earlier described the issues in both cases as "similar", they will not now be heard to denounce the relevance Judge Goodwin's opinion.

same four individuals[2], also in equal part.  Thus, Tracy and North Star are "related persons", as defined by the Coal Act and, therefore, North Star is liable for all premiums owed by Tracy.  Judge Goodwin's analysis in this regard is on "all fours" with the issue before this Court.

Of particular note in the *North Star* decision is Judge Goodwin's rejection of the defenses raised to this action.   He found no merit in defendants' contention that Plaintiffs' claims were barred by the statute of limitations and subject to laches.   Nor was Judge Goodwin convinced by defendants' assertion that the Plaintiffs were estopped from pursuing their claims due to a prior settlement agreement.

Although not binding upon the opinion in *North Star* is not binding upon this Court, the undersigned finds Judge Goodwin's analysis to be persuasive and incorporates the same by reference herein.

## V.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment [Docket No. 44] be **SUSTAINED**.

A judgment in favor of the Plaintiffs will be entered contemporaneously herewith.

---

[2]        North Star was owned, in part, by Harold Port, rather than Dorothy Port. However, as husband and wife, are constructively considered as owning the others; stock.  *See* I.R.C. § 1563(d)(2) and (e)(5).

This   January 26, 2009.



Signed By:

*Henry R Wilhoit Jr.*

United States District Judge